# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ON A ROLL TRUCKING, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | Case No: 13 C 00172 |
| v. | ) ) ) | Judge Joan H. Lefkow |
| ARMEN TERPETROSYAN d/b/a ATP EXPRESS | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff On A Roll Trucking, Inc. ("OAR") filed its two-count amended complaint alleging violation of 49 U.S.C. § 14706 ("the Carmack Amendment"), and a breach of contract claim against defendant Armen Terpetrosyan d/b/a ATP Express ("ATP"). (Dkt. 18.) OAR, a motor freight brokerage company, alleges that it contracted for shipment of perishable goods with ATP, a motor carrier. ATP has moved to dismiss OAR's claim for attorney's fees from Count I (Carmack Amendment claim) and to dismiss Count II entirely (breach of contract claim) as preempted by the Carmack Amendment. (Dkt. 19.) OAR did not respond to the motion to dismiss by November 4, 2013, as directed. (Dkt. 21.) For the following reasons, the motion is granted.[1]

---

[1] This court has subject matter jurisdiction under 28 U.S.C. § 1337(a) because the issues raised in OAR's complaint arise under the Carmack Amendment, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000. (Compl. ¶¶ 3, 25, 27.) It has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a), as Count II is sufficiently related to the Carmack Amendment claim because both arose out of the same incident. Venue is proper in this district because the parties entered into their agreement in this district, and the parties' agreement provides for venue in Chicago, Illinois. (Compl. ¶ 4, Ex. A p. 4.)

## STATEMENT[2]

OAR is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. It is a motor freight brokerage company that contracts with motor carriers to transport freight around the country. ATP is a California corporation with its principal place of business in Glendale, California. It is a motor carrier company that transports freight by truck around the country.

OAR and ATP entered into a motor carrier transportation agreement on July 8, 2011, which governs ATP's carriage of cargo on behalf of OAR's clients. On September 12, 2012, OAR engaged ATP pursuant to a rate confirmation to transport cargo from Guadalupe, California, to South Plainfield, New Jersey, by September 16, 2012. The cargo was to be transported at 34 degrees Fahrenheit, and the bill of lading provided that ATP was to maintain a temperature in the refrigerated trailer between 33 and 35 degrees Fahrenheit, which it was required to check throughout transport.

On September 15, 2012, ATP's truck that was transporting the contracted load broke down in Davenport, Iowa. OAR's customer for whom the load was being shipped extended the delivery date to September 17, 2012. OAR notified ATP the load needed to be delivered by that date or it would be rejected. On September 17, 2012, however, the load had made it no farther than Cleveland, Ohio, and OAR's customer rejected the load. OAR thus found a potential consignee in Cleveland for the load, Sanson Co. ("Sanson"), and arranged for USDA inspection of it, costing OAR $240. Upon USDA inspection on September 18, 2012, it was revealed that

---

[2] These facts are taken from the amended complaint and are presumed true for purposes of resolving the motion to dismiss. *See, e.g., Barnes* v. *Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

the temperature in the trailer had not stayed between 33 and 35 degrees Fahrenheit. The value of the salvaged product, and the price Sanson paid, was $5,712, whereas the total value of the product had been $21,435.60. OAR is thus seeking the difference of $15,741.60 (which it owes to its client) from ATP, plus the $240 it paid for the USDA inspection, which it rounds to a claim for $15,981.

## ANALYSIS

I. **Availability of Attorney's Fees under the Carmack Amendment**

ATP moves to dismiss OAR's request for attorney's fees under the Carmack Amendment, asserting that there is no law entitling plaintiff to such fees.

Under the Carmack Amendment, a motor carrier is liable for "actual loss or injury" to property caused by "(A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported[.]" 49 U.S.C. § 14706(a)(1). The effect of the Carmack Amendment is that a "person entitled to recover" under the statute can bring suit against the carrier "for the 'actual loss or injury to the property caused' by any carrier in the course of the interstate shipment." *REI Transp., Inc.* v. *C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (quoting 49 U.S.C. § 14706(a)(1)). "A shipper can thus be confident that the carrier will be liable for any damage that occurs to its shipment." *Id.*

Under the so-called "American rule," "parties are ordinarily required to bear their own attorney's fees. . . 'absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc.* v. *W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 (2007) (quoting *Key Tronic Corp.* v. *United States*, 511 U.S. 809, 819,

3

114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994)); *see also Tempel Steel Corp.* v. *Landstar Inway, Inc.*, No. 98 C 6839, 1999 WL 519412, at *5 (N.D. Ill. July 9, 1999) (noting that "[a]ttorney's fees may not ordinarily be recovered in the absence of express statutory authority," explaining it was "not clear" whether plaintiff was entitled to any attorney's fees for its Carmack Amendment claim despite prevailing on its motion for summary judgment on liability, and denying plaintiff's motion for summary judgment on damages for failure to establish actual damages). The Seventh Circuit has not ruled on whether a prevailing plaintiff is entitled to attorney's fees under § 14706.[3]

The Eastern District of Wisconsin faced a similar situation as the present one in *Viasystems Technologies Corp.* v. *Landstar Ranger Inc.*, No. 10 C 0577, 2010 WL 5173163, at **3-5 (E.D. Wisc. Dec. 14, 2010), and determined that an award of attorney's fees was inappropriate. There, the plaintiff shipper sought damages—including attorney's fees—from the defendant carrier for a damaged shipment pursuant to 49 U.S.C. § 14706. The shipper first argued that it was entitled to fees under 49 U.S.C. § 14704(e), which allows for "reasonable attorney's fees under *this* section." *Viasystems*, 2010 WL 5173163, at *3 (quoting 49 U.S.C. § 14704(e)) (emphasis in original). The court held that the use of "*this* section" § 14704(e) in indicated that attorney's fees were only recoverable for a plaintiff suing under § 14704, *i.e.*, a plaintiff suing a carrier who did "not obey an order of the Secretary [of Transportation] or the

---

[3] Other circuit courts have held that attorney's fees are unavailable to a Carmack Amendment plaintiff. *See, e.g., Osman* v. *Int'l Freight Logistics, Ltd.*, 405 F. App'x 991, 993-96 (6th Cir. 2011) (attorney's fees unrecoverable under Carmack Amendment, which "does not contain a general attorney fee provision," unless specific exception under 49 U.S.C. § 14708 for shipment of "household goods" applied, which did not in that case); *Acura Sys., Inc.* v. *Watkins Motor Lines, Inc.*, 98 F.3d 874, 876-77 (5th Cir. 1996) (attorney's fees improper in Carmack Amendment suit despite being proper under Texas statute).

4

[Surface Transportation] Board," which was not applicable there. *Id.* (*quoting* 49 U.S.C. § 14704(a)(1)).

The court next addressed the plaintiff's argument that it was entitled to attorney's fees under Wisconsin law. In making this argument, the plaintiff relied on two cases holding that the Carmack Amendment did not preempt a state statute providing for attorney's fees. *See Mo., Kan., & Tex. R.R. Co. of Tex.* v. *S.O. Harris*, 234 U.S. 412, 420-22, 34 S. Ct. 790, 58 L. Ed. 1377 (1914) (Carmack Amendment did not preempt Texas statute providing for award of attorney's fees limited to $200); *A.T. Clayton & Co.* v. *Mo.-Kan.-Tex. R.R. Co.*, 901 F.2d 833, 835-36 (10th Cir. 1990) (award of attorney's fees was appropriate in connection with Carmack Amendment claim where Oklahoma statute explicitly provided for recovery of attorney's fees in an action to recover damages for negligent or willful injury to property). As the court in *Viasystems* noted, however, the plaintiff relied on no comparable Wisconsin statute but instead based its argument on a Wisconsin Supreme Court case allowing for the recovery of attorney's fees "in a 'tort of first-party bad faith' action." *Viasystems*, 2010 WL 5173163, at *4 (quoting *DeChant* v. *Monarch Life Ins. Co.*, 547 N.W.2d 592, 595-97, 200 Wis. 2d 599 (1996)). But that case only provided for attorney's fees not authorized by statute in specific circumstances not present in *Viasystems*. The Eastern District of Wisconsin thus rejected the plaintiff's claim for attorney's fees in the absence of explicit authority to the contrary.

As in *Viasystems*, OAR has failed to present persuasive authority indicating that attorney's fees are permitted under state law. ATP's motion to strike OAR's prayer for attorney's fees in connection with its Carmack Amendment claim is therefore granted.

## II. Breach of Contract

ATP also moves to dismiss Count II of OAR's complaint, the breach of contract claim, arguing this count is completely preempted by the Carmack Amendment.

The Seventh Circuit has explained that the Carmack Amendment does not preempt "state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *Gordon* v. *United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997). Where "the damage alleged in [state law] claims is the damage to the [plaintiff's] property covered by the Carmack Amendment," however, those claims are "clearly preempted." *Id; see also Ace Motors, Inc.* v. *Total Transp., Inc.*, No. 08 C 1552, 2009 WL 2031780, at *3 (N.D. Ill. July 10, 2009) (denying motion to dismiss Carmack Amendment claim but granting motion to dismiss breach of contract claim that sought "remedy for damage to the vehicles that occurred during shipment" where damages sought were the "same amount" as the value of the damaged vehicles); *Mitsui Sumitomo Ins. Co.* v. *Moore Transp., Inc.*, 500 F. Supp. 2d 942, 955-56 (N.D. Ill. 2007) (granting summary judgment to carrier on breach of contract claim where that claim "only aim[ed] to address the loss of the subject cargo" that was also at issue in the Carmack Amendment claim).

Here, OAR bases its breach of contract claim on the same allegation as it bases its Carmack Amendment claim, *i.e.,* that "ATP is now indebted to OAR in the amount of at least $15,981.00 for its failure to timely deliver in an acceptable, undamaged condition the tendered load." (Dkt. 18 ¶¶ 25, 27.) Again, OAR has presented no argument as to why its breach of contract claim is not preempted.

Because OAR bases its claim for relief for breach of contract on the same facts that give

rise to its Carmack Amendment claim and seeks the same relief in both counts, the court finds that Count II of OAR's amended complaint is preempted by the Carmack Amendment. ATP's motion to dismiss the breach of contract claim is granted.

## ORDER

For the aforementioned reasons, ATP's motion to dismiss is granted. The claim for attorney's fees will be stricken from Count I of OAR's amended complaint and Count II will be dismissed in its entirety. ATP is ordered to answer Count I of the complaint by November 27, 2013.

Date: November 7, 2013

_____
U.S. District Judge Joan H. Lefkow